UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-131 |
| JAWAN FORTIA<br>DEDRICK KEELEN<br>DELWIN MCLAREN<br>BRYAN SCOTT<br>LIONEL ALLEN | SECTION "N" (5) |

## **ORDER & REASONS**

Before the Court is the "Motion to Sever the Trial of Bryan Scott from That of His Co-Defendants" (Rec. Doc. 594), submitted by defendant Scott on May 24, 2017, less than two weeks before the trial of this matter is set to begin. The Motion is opposed by the government. (*See* Rec. Doc. 618). Now, having considered the parties' submissions, the record, and applicable law, the Court denies Scott's request as an untimely pre-trial motion under the Court's Scheduling Order (Rec. Doc. 557 at p. 2), as well as for the reasons that follow.

With respect to a prior motion to sever filed by defendants Delwin McLaren and Jeffrey Wilson, this Court previously held, on October 15, 2015, that the initial joinder of defendants in this case was proper under Rule 8(b) of the Federal Rules of Criminal Procedure. (Rec. Doc. 366 at p. 4-6). The intervening months have not changed that analysis or conclusion with regard to any of the defendants, including Bryan Scott. Therefore, the issue before the Court is, once again, whether joinder poses a risk of prejudice so significant that a severance of trials is warranted under Rule 14(a) of the Federal Rules of Criminal Procedure.[1] The Court finds that it does not, for

---

[1] **Rule 14. Relief from Prejudicial Joinder**
    **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

substantially the same reasons as it explained when entertaining McLaren and Wilson's motion for identical relief. (*See* Rec. Doc. 366 at p. 7-9).

Particularly in conspiracy cases, the preference in this Circuit, and others, remains that defendants who are indicted together be tried together. *See United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012). A severance of trials is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (citations omitted). Stated differently, to obtain a severance, the defendant must "convinc[e] the Court that without such drastic relief they will be unable to obtain a fair trial." *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973). Otherwise, the risk of prejudice resulting from joinder can often be cured through other means, such as the Court's use of limiting instructions, for example. *See Zafiro*, 506 U.S. at 539. As long as it is possible for the jury to "separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, severance should not be granted." *United States v. Ramirez*, 145 F.3d 345, 354-55 (5th Cir. 1998) (citing *United States v. Walters*, 87 F.3d 663, 670-71 (5th Cir. 1996)).

Here, Scott argues that a severance is warranted due to the anticipated, prejudicial effect of "the jury hearing the details of the allegedly very serious activity [of co-defendants], including murders, of which Scott had no part," and which, according to Scott, would be inadmissible evidence, presumably if not for the joinder. (*See* Rec. Doc. 594-1 at p. 4). The Court previously rejected this very argument when asserted by co-defendant McLaren (*See* Rec. Doc. 366 at p. 9). Raised by Scott, the argument is even weaker, because he is charged in eight of twenty-seven overt acts listed in the Second Superseding Indictment, whereas McLaren is named in only two. (*See*

Rec. Doc. 308 at p. 9-10). For the same reasons the argument did not hold water for his co-defendant, it certainly does not now for Scott.

Unique to Scott's motion is the argument that new evidence, made available during the course of discovery, is so prejudicial that a severance is required. The evidence comes in the form a recording in which a co-defendant, Darius Williams, claims that it was not him, but rather Scott, who shot at a police officer on February 7, 2017. Made part of the Count 1 RICO conspiracy charge, that event is the subject of Overt Act No. 13, which identifies only Williams as the shooter, with no mention of Scott. The recorded allegation is disputed by Scott, and Williams has since pled guilty, in part, to the Count 1 RICO charge. Although Scott argues that the recording stands to compromise his rights under the Fifth Amendment of the Unites States Constitution, the Court does not understand – and Scott does not explain – why he believes that to be true. Furthermore, whatever the prejudicial affect this recording may have on Scott, a severance would accomplish little when the recording could just as easily be implicated in a separate trial.

For the foregoing reasons;

**IT IS ORDERED** that the Motion (Rec. Doc. 594) is **DENIED**.

New Orleans, Louisiana, this 24th day of May, 2017.

								_____
								**KURT D. ENGELHARDT**
								**UNITED STATES DISTRICT JUDGE**