UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                NO. 14-131

BRYAN SCOTT                                           SECTION "N" (5)

**ORDER AND REASONS**

On September 8, 2015, pursuant to 21 U.S.C. § 851(a)(1), the United States Attorney filed a "Bill of Information to Establish Prior Conviction" (Rec. Doc. 313) to establish the existence of Defendant Bryan Scott's prior conviction—possession of cocaine in violation of La. R.S. 40:967(c)(2), criminal action 513-396 in the Criminal District Court for the Parish of Orleans— for the purpose of increasing the mandatory minimum sentence. Presently before the court is Defendant's written objection (Rec. Doc. 777) to the prior conviction as a sentencing enhancement for his June 19, 2017 conviction.[1] Having carefully considered the parties' submissions, applicable law, the statements made in Court, and for the reasons the Court stated on the record, **IT IS ORDERED** that the Defendant's objection is hereby **OVERRULED**.

In his objection (Rec. Doc. 777 at p. 2), Scott contends that his state court conviction was obtained in violation of his constitutional rights because his plea was not voluntary.[2] Scott alleges that he lacked the requisite mental capacity due to his history of marijuana use and based on the reputation of drug use at Orleans Parish Prison at the time of his plea.[3] Further, Scott argues that

---

[1] Pursuant to 21 U.S.C. § 851(b)-(c), the defendant may affirm or deny the previous conviction, and if alleging that the conviction "was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis thereof with particularity...the [defendant] shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response."
[2] The Defendant conceded at the hearing that he has not previously challenged the voluntariness of his guilty plea.
[3] At the 851(c) Hearing on November 9, 2017, the defendant expressly withdrew his coercion claim that his plea was involuntary because he was pressured to enter a guilty plea by his grandmother, his closest family member and only source of support.

1

the "Felony Waiver of Constitutional Rights Plea of Guilty Form" was inadequate to assess Scott's mental state at the time of his guilty plea.

After assessing the voluntariness of the plea in light of all relevant circumstances, and having carefully considered the parties' submissions, applicable law, the record, and the statements made in Court, the Court finds that Scott's October 23, 2012 guilty plea in case 513-396 was voluntary. In reaching its conclusion, the Court relies on the Felony Waiver of Constitutional Rights Plea of Guilty Form, which Scott signed in the presence of his attorney, Joyce Sallah, and Judge Darryl A. Derbigny. Additionally, the plea hearing transcript evidences that after an oral colloquy with the defendant, Judge Derbigny found that the defendant understood the nature of the plea and related consequences.

Based on the reasons as stated at the hearing on Thursday, November 9, 2017, the Court concludes that there is insufficient evidence to suggest that Scott was incapacitated *at the time* he entered the guilty plea. Thus, the Defendant has failed to demonstrate, by a preponderance of the evidence, that his guilty plea in criminal action 513-396 was involuntary, and thus unconstitutional.

Accordingly, **IT IS ORDERED** that the Defendant's objection to the use of his prior state court conviction as a sentencing enhancement in the instant conviction is **OVERRULED.**

Considering the oral motion by the Defendant to expedite his sentencing date and the lack of objection by the Government thereto, **IT IS FURTHER ORDERED** that the sentencing date for Bryan Scott, set for November 21, 2017, is hereby moved to Thursday, November 16, 2017 at 11:00 a.m.

New Orleans, Louisiana, this 9th day of November 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**